UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA REYNOSO,<br><br>　　　　　　Plaintiff,<br>v.<br><br>A. PRATER, an individual, UNITED STATES OF AMERICA, and DOES 1-25, inclusive,<br><br>　　　　　　Defendants. | Case No.13CV0718 AJB (RBB)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 8) |

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint, filed on June 13, 2013. (Doc. No. 8). Plaintiff has filed an Opposition and Defendants replied. (Doc. Nos. 10 and 11.) The Court has reviewed the papers filed in support and opposition and finds it appropriate to rule on the briefs without oral arguments pursuant to Civil Local Rule 7.1.d.1. For the following reasons the Court GRANTS Defendants' Motion.

## I.   BACKGROUND

The following facts and allegations are taken from Plaintiff's Complaint. (Doc. No. 1.) Plaintiff, Blanca Reynoso, is a 58-year old United States citizen. On March 2, 2012, Plaintiff traveled by mini-bus from Tijuana, Mexico, where she was vacationing, to San Diego, California. Plaintiff had a connecting bus in San Diego that would then take her to

San Fernando Valley where she resides. (*Id.* at 4.) Plaintiff's bus came to a stop at the United States border at the San Ysidro Port of Entry along with a dozen similar buses. According to Plaintiff, the bus waited for over an hour to cross the border. (*Id.*) Plaintiff feared that she would miss her connection in San Diego, when she could not find the bus driver, she left the bus to inquire about the delay. (*Id.*)

Plaintiff approached a booth at the border, finding no one, she walked to a second booth where she saw an officer. Plaintiff approached the officer, whom she believes to be Defendant A. Prater, to ask him when the buses would be allowed to cross. According to Plaintiff, Officer Prater appeared angry and told her she was not allowed to be there. (*Id.* at 5.) Plaintiff alleges that Officer Prater grabbed her while screaming she would be arrested and pushed her back towards the bus. Plaintiff further alleges that Officer Prater bent her arm backwards, threw her on the ground, and shoved his knee into her back. (*Id.*) Officer Prater handcuffed her in a way that caused Plaintiff "blinding pain," he then led her towards the Customs and Border Protection ("CPB") office. (*Id.* at 5-6.) Plaintiff requested to see a doctor several times during her hour long detention. (*Id.* at 6.) An ambulance was called and Plaintiff was transported to Sharp Hospital in Chula Vista where she was treated for multiple contusions, back and chest pain. Plaintiff also alleges she suffered from swelling and pain in her wrists, bruises on her face, tenderness on her ribs and left side, as well as two broken ribs. (*Id.* at 6-7.)

Plaintiff filed the instant action on March 25, 2013, against the individual officers and the Department of Homeland Security, a federal agency of the United States of America. Plaintiff's Complaint alleges nine (9) causes of action under *Bivens* and the Federal Tort Claims Act ("FTCA"): (1) *Bivens* - Excessive Force; (2) *Bivens* - Unlawful Detention; (3) *Bivens* - Extortion in violation of Fourth and Fifth Amendments; (4) FTCA - Excessive Force (Civil Code § 52.1); (5) FTCA - Unlawful Detention; (6) FTCA - False Imprisonment; (7) FTCA - Battery; (8) FTCA - Intentional Infliction of Emotional Distress; and (9) FTCA - Negligence. (*Id.* at 1.)

Defendants move to dismiss some of Plaintiff's claims. (Doc. No. 8.) Defendants argue that (1) the state law claims against officer Prater should be dismissed based on the government's certification that he was acting within the scope of his federal employment (causes of action four through nine) and (2) the Fourth and Fifth causes of action for excessive force and unlawful detention should be dismissed for lack of subject matter jurisdiction as the United States has not waived sovereign immunity with respect to *"Bivens* type" constitutional tort claims. (*Id.* at 2.)

## II. DISCUSSION

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (citations omitted). Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (U.S. 2007) (citations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Bivens Claims (Causes of Action One Through Three)

The Supreme Court has created private damages action against federal officials for constitutional torts not covered by the FTCA. In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* the Court held that the Fourth Amendment gives rise to a right of action against federal law enforcement officials for damages from an unlawful search and

seizure. 403 U.S. 388 (1970). *Bivens,* thus establishes an implied private right of action for tortious deprivation of constitutional rights against federal officials in their personal capacity. *Id.*

Defendants do not dispute the propriety of Plaintiff's *Bivens* claims brought against Officer Prater in his individual capacity and the unnamed Doe Defendants. As alleged, Plaintiff's *Bivens* claims stand.

**C.    State Law Claims Against Officer Prater (Causes of Action Four Through Nine)**

Plaintiff's FTCA claims are brought against all defendants. Defendants argue that because the United States certified Officer Prater as acting within the scope of his federal employment with respect to the allegations contained in the Complaint, the United States has effectively substituted Officer Prater as the proper defendant on the state law claims alleged. (Doc. No. 8 at 2.) Upon substitution, the claims were then deemed to be brought under the FTCA against the United States. (*Id.*)

The United States is the only proper party defendant in an FTCA action. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1077 (9th Cir. 1998). Moreover, the "FTCA is the exclusive remedy for tort actions against a federal agency, and this is so despite the statutory authority of any agency to sue or to be sued in its own name." *Id*. (Affirming the district court's dismissal of plaintiff's FTCA claim as improperly brought against a *person* and entity not subject to the FTCA) (emphasis added); *see also* Lance v. U.S., 70 F.3d 1093, 1095 (9th Cir. 1995) ("The district court also properly dismissed Lance's action to the extent his complaint named Does 1 through 20 as additional defendants: the United States is the only proper defendant in an FTCA action.").

Accordingly, the FTCA claims as brought against Officer Prater and individual Doe defendants are DISMISSED with prejudice.

**D.    FTCA Claims Pursuant to California Civil Code § 52.1 Against the United States**

Plaintiff's fourth and fifth causes of action are FTCA claims made pursuant to California Civil Code § 52.1. Defendants argue that these claims must be dismissed as the

United States has not waived its sovereign immunity with respect to *Bivens* claims.[1] Specifically, Plaintiff's constitutional tort theories alleged under the United States Constitution are improper and that in essence, Plaintiff seeks to bring *Bivens* type actions against the United States itself. (Doc. No. 8 at 3-4.)  Plaintiff argues that these causes of action are made pursuant to the FTCA, not *Bivens*. (Doc. No. 10 at 3.)

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996 (1994) (internal citations omitted).  The FTCA waived the Federal Government's sovereign immunity for certain torts committed by federal employees. 28 U.S.C. § 1346.  However, constitutional tort claims are not cognizable under § 1346(b) and thus not actionable. *Meyer*, 510 U.S. at 475.  To be actionable under § 1346, a claim must allege, *inter alia*, that the United States "would be liable to the claimant" as "a private person" "in accordance with the law of the place where the act or omission occurred." *Id.* ("The United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.").

Section 52.1 provides that if a person interferes, or attempts to interfere, by threats, intimidation, or coercion with the exercise of enjoyment of the constitutional or statutory rights of any individual, the individual may sue for damages independently of any other action that is available. *See Xue Lu v. Powell*, 621 F.3d 944, 950 (9th Cir. 2010).  Plaintiff claims her rights under the United States and California Constitution were violated by Defendants' actions, specifically she cites to:

> 1. Fourth Amendment of the United States Constitution and Article I, Section 13 of the California Constitution - right to be free from unreasonable detentions, searches, and seizures;

---

[1] Defendant's Motion to Dismiss only argues about the Fourth cause of action (Excessive Force: FTCA claim pursuant to Cal. Civ. Code § 52.1). (Doc. No. 8 at 3.) However, Defendant's Reply to Plaintiff's Opposition makes the same argument for the Fifth caues of action (Unlawful Detention in violation of the Fourth Amendment: FTCA Claim pursuant to Cal. Civ. Code § 52.1). (Doc. No. 12 at 2). Accordingly, the Court will discuss the motion with respect to both the Fourth and Fifth cause of action.

> 2. Fourteenth Amendment of the United States Constitution and Article I, Section 7 of the California Constitution - right to due process and equal protection of the laws; and
> 3. California Civil Code Section 43 - right of protection from bodily restraint or harm, from personal insult and from defamation.

(Doc. No. 1 at 11-12.)

Plaintiff's fourth and fifth claim made pursuant to § 52.1, to the extent premised upon violations of the United States Constitution, are improper. The FTCA only subjects the United States to liability as a "private person" would. *Meyer*, 510 U.S. at 475. "A wrongful search or seizure by a private party does not violate the fourth amendment."[2] *U.S. v. Walther*, 652 F.2d 788, 791 (9th Cir. 1981). "With a few exceptions, such as the provisions of the Thirteenth Amendment, constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619, 111 S.Ct. 2077 (1991). What Plaintiff seeks basically amounts to a claim based on federal constitutional violations, that in the first place, cannot be the basis of liability under the FTCA. *See Munyua v. U.S.*, No.C-03-04538 EDL, 2005 WL 43960, at *12 (N.D. Cal. Jan. 10, 2005) (granting defendant United States' summary judgment on plaintiff's claims made under California Civil Code § 52.1 and stating "[t]he Court is also wary of allowing Plaintiff to make what amounts to a claim based on federal constitutional violations that cannot be a basis of liability under the FTCA."). While California Civil Code § 52.1 allow for such claims as a matter of state law, this Federal District Court finds them improper as the Supreme Court has expressly denied the applicability of the FTCA to constitutional tort claims.

Accordingly, to the extent Plaintiff's FTCA claims are premised upon alleged violations of the United States Constitution, they are DISMISSED with prejudice.

---

[2] The exception being when the private party acts as an "instrument or agent" of the state. *Coolidge v. New Hampshire*, 403 U.S. 443, 487, 91 S.Ct. 2022 (1971). However, this is irrelevant to the Court's analysis of the FTCA's requirements.

## III. CONCLUSION

The Court GRANTS the entirety of Defendant's Motion to Dismiss. Plaintiff's FTCA claims brought against individual officers and FTCA claims, to the extent premised upon United States constitutional tort theories, against the United States are DISMISSED with prejudice. The Court finds that further amendment would be futile as no set of facts can render the claims valid. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Plaintiff's *Bivens* and FTCA claims, premised on state law, may proceed.

IT IS SO ORDERED.

DATED: November 4, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge